**NOT RECOMMENDED FOR PUBLICATION**
File Name: 06a0377n.06
Filed: May 26, 2006

**No. 05-3672**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| GWENDOLYN BAKER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| JO ANN BARNHART, COMMISSIONER OF SOCIAL | ) | OHIO |
| SECURITY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: MARTIN, SILER, and CLAY, Circuit Judges.

**SILER**, Circuit Judge. Claiming numerous physical and psychological impairments, Gwendolyn Baker applied for Social Security disability insurance benefits. An Administrative Law Judge (ALJ) found she was not disabled, and the Appeals Council denied review. Later, the district court affirmed the decision of the ALJ, and Baker appealed. Because substantial evidence supported the ALJ's decision, we affirm.

### I. Factual Background

Baker is a high school graduate and a licensed practical nurse (LPN), and has training as a paralegal. She worked as a home health aide assisting a quadriplegic patient until December 2000, when she could no longer perform the lifting requirements of the job. Baker has an extensive medical history, both physical and psychological, that has affected her ability to perform her relevant past work. She suffers from many physical impairments, including (but not limited to) the

following: pulmonary impairment (asthma and chronic obstructive pulmonary disease); fibromyalgia; restless leg syndrome; esophagitis; allergies; back pain; arthritis in one knee; difficulty gripping; gall stones; and ulcers.

In addition to her various physical ailments, Baker also claims disability as a result of mental illness. Her records refer to depression, and she has been diagnosed with bipolar disorder. Although a mental status examination found Baker to have "major depressive disorder, recurrent, and without psychotic features, and a pain disorder associated with both psychological factors and a general medical condition," Baker still could understand, follow, and remember instructions and directions, could sufficiently perform repetitive tasks, and had a moderately limited ability to deal with stress.

Vocational expert Larry Bell testified as to the types of jobs available to a person with Baker's vocational profile and restrictions. He opined that she could perform routine, repetitive tasks with minimal public contact. He concluded that there were many file clerk and mail clerk jobs nationally that would fit this profile.

The only ailments the ALJ decided reached the status of "severe" were Baker's bipolar disorder, fibromyalgia, allergies, and asthma. Her other ailments failed to reach the level of severe because they did not effectively interfere with her ability to work. Of the severe illnesses, both the asthma and allergies were under control, and the fibromyalgia did not meet the required severity of any listing because she was performing activities such as cooking, driving, watching television, and performing household chores. In addition, he found her mental illness did not meet a listing. Finally, he concluded that despite her condition, Baker remained capable of performing light work that is routine, repetitive, low stress, and not dealing with people.

## II. Analysis

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's final decision is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

### B. Substantial Evidence Supported the Commissioner's Conclusion

The primary consideration on appeal is whether the Commissioner's decision was supported by substantial evidence on the record considered as a whole. Baker complains that the Commissioner did not have substantial evidence upon which to deny her Social Security benefits, and identifies a number of alleged errors in his analysis of her claims.

Pursuant to 20 C.F.R. § 404.1520(a)-(e), the plaintiff's Social Security disability determination was made according to a five step sequential analysis. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The five required steps can be summarized as follows:

1) If claimant is doing substantial gainful activity, she is not disabled.

2) If claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.

3) If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4) If claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.

> 5) Even if claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

*Id.* (citing 20 C.F.R. § 404.1520 (1997)). The claimant has the burden of proof in steps one through four. *Id.* Upon plaintiff's showing of the first four steps, the burden of proof shifts to the Commissioner to consider her residual functional capacity, age, education and past work experience to determine if she could perform other work. If not, she would be deemed disabled. 20 C.F.R. § 404.1520(f). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999). To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987) (internal quotation marks and citation omitted). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

The ALJ went through all five steps in making his determination. First, Baker was not engaged in substantial gainful employment. Although the ALJ did find she had four severe impairments, none of them met a listed impairment. Baker demonstrated that she was not able to perform her past relevant work, shifting the burden to the Commissioner to show that other work exists in the national economy that Baker could perform. The Commissioner met this burden

through the testimony of the vocational expert, who testified that work exists in the national economy that accommodates Baker's RFC and vocational factors. Therefore, the ALJ found that she is not disabled.

Substantial evidence in the record supports this determination. In August 2001, Baker was examined for both physical and mental impairments. Dr. William D. Padamadam, although unable to find signs of rheumatological problems or fibromyalgia trigger points, diagnosed Baker with fibromyalgia syndrome with depression and irritability. One month later, Dr. Walter H. Holbrook agreed with the fibromyalgia diagnosis but also noted that most of her symptoms were psychologically based and concluded that Baker could carry up to 50 pounds, stand or walk, and sit for six hours a workday. Also in August 2001, David Bousquet, M. Ed., found that Baker was only mildly to moderately impaired in her ability to relate to others, a finding that was confirmed by Robert L. Gaffey, Ph.D. Additionally, a psychologist determined that Baker could make adequate adaptations in the work place and relate to others on a superficial basis. The vocational expert testified at Baker's administrative hearing that there were approximately 450,000 clerk jobs nationwide available to someone with Baker's vocational profile, including restrictions.

AFFIRMED.